Miller Unemployment Compensation Case.

Beachel, Appellant, *v.* Unemployment Compensation Board of Review.

Argued October 7, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ.

*Clair Groover,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY ROSS, J., December 29, 1953:

In this unemployment compensation case, the claimant was employed by the Philco Corporation at its Watsontown Cabinet Division plant at Watsontown, Pennsylvania, from July 1, 1952 until July 28, 1952, when the plant was closed for a "two week vacation shut down". Miller, who had worked for the company

less than a month and thus did not qualify for vacation pay, registered for work at his local employment office and filed an application for unemployment compensation benefits. Because claimant's total earnings with Philco did not equal or exceed eight times his weekly benefit rate, the department gave notice of the claim to his next preceding employer, Beachel Taxi Service, and Beachel resisted the application for benefits on the ground that it had discharged claimant for willful misconduct.[1] The compensation authorities allowed benefits and Beachel has appealed.

The Board accepted the referee's findings of fact including the following: "4. The claimant was performing his work to the best of his ability and was acting in good faith when employed with the Beachel Taxi Service." This finding is, of course, the equivalent of a finding that claimant was not guilty of willful misconduct and is, if supported by competent substantial evidence, binding upon this Court and determinative of the present appeal.

At the hearing before the Board the employer, E. M. Beachel, testified that claimant worked for him as a taxi driver "From about November 21, 1951, to June 30, 1952", that "between June 22 and June 30" the claimant "had to take off to recuperate" because "he was playing ball and he had fell and hurt his arm again and had it in a sling for about a week". It appeared that the claimant owned a truck and the employer testified that when claimant returned to work on June 30 he, the employer, heard claimant tell a fellow employe "That he hauled two loads of produce and cleared $50.00 a load on each load while he was unable to work for me". The employer stated: ". . . I

---

[1] Subsection (f) of section 401 of the Unemployment Compensation Law as amended, 43 PS sec. 801(f).

overheard this statement and immediately went out and made out his pay check until 12:00 o'clock noon. When it came lunch time for him I fired him, laid him off. I told him I didn't need his services any longer." Claimant's testimony with respect to the week preceding his dismissal by Beachel was given at the hearing before the referee. He stated that during the week in question he had a "banged up shoulder" and had his arm in a sling. He testified further: ". . . I have a bill of sale that I sold my truck June 16, so I couldn't have been driving my truck during that week. I was ill that week . . . ."

In the referee's written decision under the heading "Reasoning" there appears a statement that the "information submitted by the employer was not competent in that it was hearsay, and in no instance did the employer testify as to his actually having seen the claimant perform any acts of misconduct." Appellant's brief is devoted to demonstrating the error into which the referee fell by characterizing the employer's testimony as "not competent in that it was hearsay". That the referee may have improperly disregarded the employer's testimony on the theory that it was incompetent is, however, of no present significance. The employer was permitted to testify with respect to claimant's statement to his fellow employe at the hearings before the referee and before the Board. The Board in its decision states specifically that after reviewing "the entire record of the proceedings" it found no basis for disturbing the referee's decision. We must, therefore, assume that the Board considered *all* that it found in the record including the conflicting testimony with respect to the incident which led to claimant's discharge by Beachel Taxi Service. The Board resolved the conflict in claimant's favor.

Decision affirmed.